959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Moe DIXON, Defendant-Appellant.
 No. 91-10349.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Moe Dixon appeals his sentence following a conviction on a guilty plea for fraudulent use of an access device in violation of 18 U.S.C. § 1029(a)(2), and failure to appear in violation of 18 U.S.C. § 3146(a)(1). Dixon contends that the district court erred by adding two points to his base offense level pursuant to the United States Sentencing Guidelines because no evidence supported the district court's finding that he played an aggravating role in the offense. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's decision regarding the defendant's role in the offense for clear error. United States v. Avila, 905 F.2d 295, 298 (9th Cir.1990).
 
 
 4
 Section 3B1.1 provides for a two point upward adjustment of a defendant's base offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity...." U.S.S.G. § 3B1.1(c). The government must prove by a preponderance of the evidence that the defendant played an aggravating role in the offense to increase his base offense level. Avila, 905 F.2d at 297. Evidence need only have " 'sufficient indicia of reliability to support its probable accuracy.' " United States v. Burns, 894 F.2d 334, 337 (9th Cir.1990) (quoting United States v. Marshall, 519 F.Supp. 751 (D.C.Wis.1981), aff'd, 719 F.2d 887 (7th Cir.1983).
 
 
 5
 At the sentencing hearing, the district court implicitly adopted the presentence report ("PSR") which recommended a two-point base offense level adjustment for Dixon's role in the offense. The PSR stated the following facts: (1) investigative reports of the United States Secret Service identified Dixon as the leader of a group which made fraudulent identification cards to apply for credit cards and/or stole credit cards; (2) Dixon had access to a photo shop where the fraudulent identification cards were made, and maintained several post office boxes throughout the country; (3) Dixon contacted coconspirator Cheryl Barnes and provided her with false identification and credit cards; (4) coconspirator Samuel Babajide met Dixon and Barnes at Dixon's apartment; and (5) Barnes and Babajide, jointly or separately, accompanied Dixon on numerous occasions to New York, New Jersey, and Nevada to obtain cash advances from banks and casinos.
 
 
 6
 In light of this evidence, we hold that the district court did not clearly err by finding that Dixon was an organizer, leader, manager, or supervisor in this criminal activity. See Avila, 905 F.2d at 298-99.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Dixon's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dixon also contends that: (1) the district court failed to make specific findings to support the upward adjustment for a leadership role in the offense and (2) his due process rights were violated because no sworn testimony or physical exhibits were presented to support the factual allegations in the PSR. These contentions lack merit. The district court was presented with the PSR and Dixon's written objections to the PSR, gave Dixon and opportunity to argue at sentencing why he should not receive an upward adjustment, and implicitly adopted the PSR's recommendation. Thus, the district court made a sufficient finding. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990). Because the district court afforded Dixon an opportunity to rebut the challenged statements in the PSR, his due process rights were not violated. See United States v. Roberson, 896 F.2d 388, 391 (9th Cir.), amended on other grounds, 917 F.2d 1158 (9th Cir.1990)