UNITED STATES of America,
Plaintiff–Appellee,

v.

Silverio Alvarado AVILA,
Defendant–Appellant.

No. 89–10390.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 1990.

Decided June 8, 1990.

Martin R. Boyers, Las Vegas, Nev., for defendant-appellant.

Richard J. Pocker, U.S. Atty. D. Nev. by Joseph M. Angelo, Jr. (on brief) and Anne Kristina Perry (argued), Asst. U.S. Attys., Las Vegas, Nev., for plaintiff-appellee.

Before TANG, NORRIS and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Silverio Alvarado Avila ("Avila") appeals his sentence following a consolidated guilty plea, for conspiracy to distribute and distribution of a mixture containing heroin, distribution of cocaine, and conspiracy to distribute cocaine. We affirm the district court's sentence.

## BACKGROUND FACTS

On September 22, 1988, Avila was indicted for three separate drug trafficking conspiracies. Avila's involvement in the conspiracies varied from that of the supplier to that of the salesman and distributor. During the course of the conspiracies, Avila indicated that he could obtain any amount of drugs that the undercover policeman, "Bobby," requested. Avila had a reputation for being a "heavy drug dealer" involved in trafficking on the multi-kilo level.

Avila was granted pretrial release as to all of the indictments. From September 21, 1988 through February 24, 1989, Avila violated his pretrial release by absconding from supervision. Three of his four co-conspirators were convicted and sentenced in January. The fourth absconded from pretrial release and remains a fugitive.

On May 1, 1989, pursuant to a plea agreement with the government, Avila pled guilty to conspiracy to distribute cocaine, distribution of cocaine, and conspiracy to distribute heroin. The plea agreement indicated that 2,736.15 grams of cocaine were distributed as a result of the conduct alleged in the three indictments, and that Avila's base offense level was 28. The court then ordered that a presentence report be prepared.

The presentence report indicated that the total weight of all drugs involved in the conspiracy was 3,128.00 grams of cocaine, that the base level offense was 28 and that Avila had a criminal history category of I. The report also recommended a two point enhancement for obstruction of justice and a four point enhancement for Avila's role as a "leader or organizer." The total offense level was computed as 34, which carries an applicable guideline range of 151–188 months.

Avila filed a joint sentencing statement objecting to the presentence report's failure to grant a two point reduction for acceptance of responsibility and its conclusion that Avila had obstructed justice. Avila also challenged the standard of proof applied in determining whether a person was a participant and whether U.S.S.G. § 3B1.1(a) applied to Avila.

Avila was sentenced on August 2, 1989. The court incorporated by reference the presentence report and sentenced Avila to 160 months with a five year term of supervised release.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

■ We review the district court's findings of fact for clear error, *United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989), and its conclusions of law de novo. *United States v. Nuno–Para*, 877 F.2d 1409, 1413 (9th Cir.1989). The standard of proof to be employed in resolving factual disputes during the sentencing process is the "preponderance of the evidence" standard. *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990). Where the government seeks to raise the offense level, it bears the burden, where the defendant seeks to lower the offense level, he bears the burden. *Id.*

## DISCUSSION

### Obstruction of Justice

■ The presentence report recommended an upward adjustment for obstruction of justice because Avila absconded from supervised release and remained a fugitive for five months. Avila does not claim that he did not obstruct justice, but he contends that the court failed to make sufficient findings of fact as to whether Avila's obstruction of justice could be mitigated by his voluntary surrender of himself to the authorities at the end of five months.

■ The government claims that Avila never raised this objection below and is therefore precluded from raising it on appeal. We disagree. The record reveals that Avila raised the question of mitigation in his Joint Sentencing Statement. He therefore gave the government sufficient notice that he intended to challenge that aspect of the presentence report.

Avila relies upon *United States v. Roberson*, 872 F.2d 597, 609 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989), in asserting that a finding of obstruction is not mandatory, even if the facts support that finding, since subsequent cooperative efforts may mitigate the earlier obstruction. Avila's reliance upon *Roberson* is misplaced. *Roberson*, 872 F.2d at 609, expressly states that once the court finds that the defendant obstructed justice, then the two-point enhancement for obstructing justice is mandatory.

The language in section 3C1.1 also indicates that an addition of two points upon finding an obstruction of justice is mandatory. It, like other guideline provisions, simply says that if a certain thing has occurred, a certain number of points are to be added. We decline to make its application unclear by glossing it as Avila requests. Thus, we hold that once the court finds facts sufficient to constitute an obstruction of justice, the point addition for the obstruction is mandatory. The court can account for a subsequent mitigating act when determining where in the applicable guideline range to assign the defendant's sentence, or by making other allowed adjustments.

### Acceptance of Responsibility

■ The probation officer concluded that since Avila obstructed justice by skipping bail, Avila was not entitled to a two-point reduction for acceptance of responsibility. Avila contends that the court erred in so finding.

Section 3553(a)(5) provides that the court, in determining the particular sentence to be imposed, shall consider any pertinent policy statement issued by the Sentencing Commission that is in effect on the date the defendant is sentenced. Avila was sentenced on August 2, 1989. At the time Avila was sentenced, U.S.S.G. § 3E1.1, Application Note 4 provided that: "An adjustment under this section is not warranted where a defendant perjures himself, suborns perjury, or otherwise obstructs the trial or the administration of justice ..., regardless of other factors."

Avila contends that a finding of obstruction does not preclude a finding of acceptance of responsibility, despite the seemingly mandatory language of Application Note 4. The only courts that have expressly addressed the question have reached the

opposite conclusion. *See United States v. Mayard,* 891 F.2d 530, 532 (5th Cir.1989); *United States v. McDowell,* 888 F.2d 285, 292–93 (3d Cir.1989); *United States v. Holland,* 884 F.2d 354, 359–60 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 552, 107 L.Ed.2d 549 (1989); *United States v. Rivera,* 879 F.2d 1247, 1254 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989); *United States v. Roberson,* 872 F.2d 597, 610 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989); *United States v. Rafferty,* 710 F.Supp. 1293, 1296 (D.Hawaii 1989). *Cf. United States v. Soliman,* 889 F.2d 441, 442 (2d Cir.1989)(enhancing sentence for obstruction of justice and reducing for acceptance of responsibility without explanation.) We join these courts in finding that the 1987 version of Application Note 4 expressly precludes a finding of acceptance of responsibility.

■ Avila contends that even if we find that the 1987 version of Application Note 4 prevents him from receiving a two-point reduction for acceptance of responsibility, he is nevertheless entitled to the two-point reduction under the 1989 amended version of Application Note 4. Avila argues that the 1989 version is merely a clarifying amendment, and as such, under *United States v. Scroggins,* 880 F.2d 1204, 1215 (11th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990), it should be applied in this case.[1]

Avila's reliance upon *Scroggins* is misplaced. The court in *Scroggins* found that an amendment intended only to clarify constitutes "strongly persuasive evidence of how the Sentencing Commission originally envisioned that the courts would apply the affected guideline." *Id.* The amendment at issue in this case, however, had the dual purpose of clarifying and adding the "ex-

traordinary cases" provision.[2] Avila attempts to conflate the two purposes. Since the amendment effected a substantive change by adding the "extraordinary cases" provision, it is not instructive on how to apply the 1987 version of the Application Note, which contained no such exception.[3]

"Organizer or Leader"

■ Avila contends that the court erred in finding that he was an "organizer or leader" without making specific findings. Avila claims that the sentencing court was so "preoccupied" with the question of the proper burden of proof and the number of participants that it never made the required findings as to how Avila should be classified. The government contends that the court never reached the issue because Avila never raised the question.

The record reveals that Avila's arguments at sentencing focused on the number of participants involved in the three conspiracies. However, the record also shows that Avila contested the court's characterization of his role as an "organizer or leader" in his Joint Sentencing Statement. Thus, we find that he properly raised the issue.

The question of a defendant's role in a conspiracy is a question of fact that the court reviews for clear error. *Howard,* 894 F.2d at 1088. The court, in making its findings, incorporated by reference the reasons set forth in the presentence report for finding that Avila was an "organizer or leader." The presentence report characterized Avila as an organizer or leader because

[a]s reflected by the investigative reports and confirmed by the undercover agent, the defendant is considered a "heavy drug dealer" with a preference to cocaine

---

1. The November 1, 1989 amendment to the section provides: "Conduct resulting in an enhancement under § 3C1.1 (Willfully Obstructing or Impeding Proceedings) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."

2. Amendment 258 provides that "[t]he purposes of this amendment are to provide for extraordinary cases in which adjustments under both § 3C1.1 and § 3E1.1 are appropriate, and to clarify the reference to obstructive conduct."

3. In any event, it is doubtful that Avila accepted responsibility in this case given the fact that at sentencing he recanted his admission of guilt.

and heroin. Reports further reflect that during the drug deals the defendant negotiated the price of the substance. In addition he indicated he had alternative sources should his Las Vegas source not be able to provide the amounts desired. Several of the defendants' undercover surveillance negotiations dealt with large amounts of currency in exchange for large amounts of illegal substances.

It is clear that Avila coordinated the procurement and the distribution of both cocaine and heroin. He had numerous sources for his drugs. Although he has no prior drug history, his conduct in this case supports the court's conclusion that Avila was a "organizer or leader" in these conspiracies. The court therefore did not clearly err in so finding.

Aggregation of Amounts

■ Avila argues that the court erred in counting the 527 grams of cocaine that were covered in a dismissed count. *United States v. Turner*, 898 F.2d 705, 710–11 (9th Cir.1990), is the controlling precedent in this Circuit.

*Turner* indicates that the court can aggregate amounts of drugs for which the defendant has not been convicted. The Background Notes for U.S.S.G. § 1B1.3 provide that: "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Since the 527 grams of cocaine at issue were part of the general scheme of distribution of cocaine by Avila and his co-conspirators, the court properly included the cocaine within its computations.

In any event, Avila concedes that the inclusion of the 527 grams of cocaine did not affect the calculation of his offense level. Under both calculations, the base offense level was 28. He contends instead that it may have affected the sentence actually imposed by the court within the applicable guidelines range. However, Avila points to no evidence that supports this assertion. We hold that the court did not err in aggregating the amounts.

Guilty Plea

■ Avila cites *United States v. Bennett,* 716 F.Supp. 1137, 1146 (N.D.Ind.1989) in support for his argument that he should be allowed to withdraw his guilty plea because of a disparity between his plea expectation and the presentence report. In *Bennett,* the court allowed two of the three defendants to withdraw their guilty pleas after the government and defense, in attempting to compute the total offense level, underestimated it. This case is distinguishable from the *Bennett* case. Unlike the defendant in *Bennett,* Avila made no attempt to withdraw his plea prior to the imposition of his sentence. Also, there was no error in the defense's and the government's calculation as to the base offense level, and Avila was warned that his exposure was as much as 80 years. We therefore uphold the court's denial of permission to Avila to withdraw his guilty plea.

## CONCLUSION

We affirm the sentence imposed by the district court. The Guidelines mandate that Avila's offense level be increased by two points based upon facts that established that Avila obstructed justice. The court's upward adjustment for obstruction of justice precluded a downward adjustment for acceptance of responsibility. The court did not err when it determined that Avila was an "organizer or leader" of the conspiracies. The court correctly aggregated the 527 grams of cocaine included in one of the dismissed counts of the Indictment. Finally, the court properly refused to permit Avila to withdraw his guilty plea.

AFFIRMED.