947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edgar BRUMMETT, Defendant-Appellant.
 No. 91-10000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 25, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Edgar Brummett appeals his sentence following a guilty plea to conspiracy to traffick illegally in cactus plants, in violation of the Lacey Act, 16 U.S.C. § 3372 et seq., and 18 U.S.C. § 371. Brummett contends the district court erred by adjusting upward his base offense level under the United States Sentencing Guidelines (Guidelines) for an aggravating role in the offense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Brummett argues that as a matter of law he could not receive an aggravating role adjustment because he managed and supervised only one transaction of all of the transactions which comprised the conspiracy to which he pleaded guilty.
 
 
 4
 We review de novo the district court's construction and interpretation of the Guidelines section on a defendant's role in the offense. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). The district court's determination that a defendant played an aggravating role in the offense is essentially a factual determination reviewed for clear error. United States v. Avila, 905 F.2d 295, 298 (9th Cir.1990). The Guidelines provide for a three point upward adjustment of a defendant's offense level "[i]f the defendant was a manager or supervisor ... and the criminal activity involved five or more participants." U.S.S.G. § 3B1.1(b).
 
 
 5
 Here, contrary to Brummett's claim on appeal, the district court found that Brummett played a leadership role in more than just one isolated transaction. The district court determined that Brummett played a managerial role in the conspiracy as a whole, specifically relying on the fact that in addition to the single transaction Brummett admits having managed, on several other occasions Brummett's truck was used to transport stolen cacti and Brummett's permits and tags were used to hide the illegal origin of the stolen cacti.
 
 
 6
 Based on these facts, the district court did not clearly err by finding that Brummett was a manager or supervisor in the overall conspiracy. See Avila, 905 F.2d at 299. Because we conclude that the district court properly found Brummett was a manager of the conspiracy as a whole, we need not reach Brummett's contention that the district court erred as a matter of law by basing the upward adjustment on his aggravating role in just one isolated conspiracy transaction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3