955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leslie Wayne PHILLIPS, Defendant-Appellee.
 No. 91-30090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leslie Wayne Phillips appeals his sentence under the United States Sentencing Guidelines upon his guilty plea to two counts of false claims against the United States Treasury Department, in violation of 18 U.S.C. § 287. The district court imposed a term of 41 months imprisonment and 3 years supervised release. Phillips contends that the district court erred by upwardly adjusting his offense level pursuant to U.S.S.G. § 3B1.1(a) because he was an organizer or leader of criminal activity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's finding that the defendant played an aggravating role in the offense. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990). The Guidelines instruct the district court to increase the offense level by four "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a).
 
 
 4
 A section 3B1.1 adjustment cannot be made unless the defendant exercised some control over others in the commission of the offense. United States v. Mares-Molino, 913 F.2d 770, 773 (9th Cir.1990). In determining whether the defendant was an organizer, leader, manager, or supervisor of criminal activity, the district court should consider such factors as:
 
 
 5
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 6
 U.S.S.G. § 3B1.1 comment. n. 3; see United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990) (defendant who coordinated procurement and distribution of drugs was organizer or leader); cf. United States v. Koenig, Nos. 89-50523, 89-50524, 89-50530, 89-50533, 89-50547, slip op. at 16657-58 (9th Cir. Dec. 19, 1991) (defendant who helped recruit at least one other person and saw that false bank cards were manufactured was a supervisor; defendant who played some role in educating and directing a group was a manager). More than one person can qualify as an organizer or leader. U.S.S.G. § 3B1.1 comment. n. 3.
 
 
 7
 Phillips contends that he was not an organizer or leader because he did not organize or control any of the other participants in the offense. See Mares-Molina, 913 F.2d at 773. This contention lacks merit.
 
 
 8
 At the sentencing hearing, an Internal Revenue Service agent testified that Phillips told him that one of his fellow prisoners had the idea of filing false tax returns. Phillips admitted that he prepared returns for other prisoners but said that it was because he was good at math. He told the agent that the other prisoners agreed to give him part of their tax refunds because he assumed more risk. According to the agent, none of the other prisoners were to receive shares in others' refunds. Four of the prisoners told the agent that it was Phillips's idea to file the false returns.
 
 
 9
 Phillips testified that two other prisoners had the idea for the crime and supplied him with the return forms and the names to be used. He testified that he did not know whether those two prisoners also received shares in the refunds. The prisoners whose names were on the returns supplied him with social security numbers and other information. He filled in the information and then gave the returns to those prisoners for mailing.
 
 
 10
 Phillips filled in the returns, and the district court heard testimony that he had the idea for the crime. Moreover, Phillips was to receive more of the refund money that other participants in the offense. See U.S.S.G. § 3B1.1 comment. n. 3. The possible leadership roles assumed by others did not preclude the district court from applying the section 3B1.1(a) adjustment to Phillips. See id. Accordingly, the district court did not clearly err by finding that he was an organizer or leader. See Carvajal, 905 F.2d at 1295; Avila, 905 F.2d at 298-99.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3