978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juvencio Elenes GASTELUM, Defendant-Appellant.
 No. 91-10494.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juvencio Elenes Gastelum appeals his sentence, imposed under the United States Sentencing Guidelines (Guidelines), following his guilty plea to aiding and abetting and distribution of heroin in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Gastelum contends the district court erred by adjusting his offense level upward pursuant to U.S.S.G. § 3B1.1(c) based on a finding that he was a "manager or supervisor" in the offense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Gastelum's role in the crime presents a question of fact which we review for clear error. See United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir.1990). Circumstances justifying an increase from the base offense level must be proven by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 4
 Guidelines § 3B1.1(c) authorizes a two level increase in the offense level "[i]f the defendant was an organizer, leader, manager or supervisor in any criminal activity." "[T]he degree of control and authority exercised over others" is among the applicable indicia of leadership." U.S.S.G. § 3B1.1, comment. (n. 3); United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990) (insufficient evidence to support adjustment where defendant merely owned business that leased warehouse where cocaine was unloaded); United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990) (defendant who coordinated the procurement and distribution of drugs properly deemed "leader").
 
 
 5
 Here, Gastelum pleaded guilty to the sale of heroin to Art Alvarado, an undercover agent, by his son, Sergio Elenes. On two occasions, Elenes agreed to sell heroin to Alvardo and promised to call as soon as he got the heroin. Both times, Elenes met with his father before completing the sale. Gastelum was present at another buy, which Alvarado had arranged with a codefendant, Rocha. Rocha told Alvarado that Gastelum had been distributing heroin in Fresno for many years. Gastelum told the agent that he could supply him with six ounces of heroin. Later, Rocha told Alvarado that Gastelum had decided not to deal with him because he suspected the agent. Rocha also said that Gastelum had sent Elenes out of town so he would not be arrested.
 
 
 6
 Based on these facts, the district court did not clearly err by finding that Gastelum had supervised Elenes and Rocha. Accordingly, the two-level adjustment was appropriate. See Avila, 905 F.2d at 298-99; cf. Mares-Molina, 913 F.2d at 774.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3