983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo Amador HUITRON, Defendant-Appellant.
 No. 91-50252.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Amador Huitron appeals his sentence, imposed following his guilty plea to thirteen criminal charges related to the distribution of cocaine. Huitron claims the district court erred by increasing his offense level by four levels pursuant to U.S.S.G. § 3B1.1(a), which authorizes such an increase for "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Whether Huitron was an "organizer or leader" pursuant to § 3B1.1 is a question of fact we review for clear error. United States v. Monroe, 943 F.2d 1007, 1019-20 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992). Circumstances justifying an adjustment from the base offense level must be proven by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 4
 A defendant who coordinates the procurement and distribution of drugs is properly considered an organizer or leader pursuant to § 3B1.1 United States v. Avila, 905 F.2d 295, 198-99 (9th Cir.1990). Likewise, a defendant who supplies drugs to codefendants for distribution may qualify for the adjustment. United States v. Smith, 924 F.2d 889, 895-96 (9th Cir.1991). The defendant need not have personally supervised each participant to be an "organizer or leader," id., 924 F.2d at 896, and there can be more than one leader or organizer in a drug conspiracy, Monroe, 943 F.2d at 1019.
 
 
 5
 The government's evidence showed, among other things, that Huitron sold cocaine to Gonzales, a confidential informant, through Resendez, an employee of Huitron's car business.[1] Gonzales did not contact Huitron directly because Resendez told him Huitron did not want to "meet anybody new" (GER 98-99). On five separate occasions, Gonzales purchased cocaine from Resendez. Surveillance revealed that, immediately before four and immediately after two of these transactions, Resendez met with Huitron. Moreover, Resendez told Gonzales that Huitron supplied the cocaine he sold him; Resendez told Gonzales that Huitron had instructed him to use code words in arranging drug transactions; when Resendez delivered a half kilogram of cocaine to Gonzales, he told him "Ricardo" had cut and packed it himself; at the fourth transaction, Resendez gave Gonzales a rock of cocaine, saying it was a "gift from Ricardo; and in a taped discussion in which Resendez explained a delay to Gonzales, he said, "Ricardo" is the "one that calls the shots here." Moreover, government money Resendez paid to Gonzales for cocaine was found in Huitron's pants pocket after his arrest.
 
 
 6
 Based on these facts, the district court did not clearly err by finding that Huitron was an "organizer or leader" in the criminal enterprise. See Monroe, 943 F.2d at 1019-20.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Huitron's two brothers, Resendez, and another conspirator were indicted along with Huitron, and each was subsequently convicted. See Appellee's Brief at 3, n. 2