996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl E. ARMSTRONG, aka Darryl A. Higgins, Defendant-Appellant.
 No. 92-30472.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl E. Armstrong appeals his conviction and 228-month sentence, following a jury trial, for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), use of a telephone to facilitate the distribution of cocaine base in violation of 21 U.S.C. § 843(b), (c), conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, possession of cocaine with intent to distribute in violation of § 841(a)(1), (b)(1)(B), use of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1). Armstrong contends that (1) he was denied effective assistance of counsel, and (2) the district court erred by adjusting his base offense level upward based upon a finding that he played a leadership role in the offenses of conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Ineffective Assistance of Counsel
 
 
 4
 Armstrong contends that he received ineffective assistance of counsel because his trial counsel failed to file and litigate a motion to suppress the evidence. We decline to address the merits of this argument.
 
 
 5
 Generally, "we will not review challenges to the effectiveness of defense counsel on direct appeal." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Facts outside the record, but necessary to the disposition of the claim, need to be sufficiently developed. Id. Such is the case here. Former defense counsel has had no opportunity to explain his reasons for not filing a motion to suppress.
 
 II
 Role in the Offense
 
 6
 Armstrong contends that the district court erred by increasing his offense level by two levels pursuant to U.S.S.G. § 3B1.1(c). This contention lacks merit.
 
 
 7
 We review for clear error the district court's finding that a defendant is "an organizer, leader, manager, or supervisor" of a criminal activity under section 3B1.1(c). United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 8
 The Guidelines allow a two-level upward adjustment in a defendant's offense level if he was an organizer or leader of the criminal activity. U.S.S.G. § 3B1.1(c). The accompanying commentary indicates that we should consider such factors as:
 
 
 9
 the exercise of decision-making authority, the nature of the participation in the offense, recruitment of accomplices, right to a larger share of the profits, degree of participation in planning, the nature and scope of the activity and the degree of control and authority exercised over others in determining whether the defendant was a leader.
 
 
 10
 United States v. Castro, 972 F.2d 1107, 1112-13 (9th Cir.1992) (quoting U.S.S.G. § 3B1.1, commentary).
 
 
 11
 Here, Armstrong (1) arranged for the sale of and sold cocaine base and rock cocaine to a confidential informant, (2) arranged for two of his acquaintances to travel from Washington to California to purchase cocaine on his behalf for future sale, (3) travelled to California with several acquaintances to purchase cocaine with his own money for future sale, (4) recruited an individual to fly to California and pick up one kilogram of cocaine and supplied him with a plane ticket to accomplish the task. Given these and other facts established at trial, the district court did not clearly err by finding that Armstrong's role in the offenses of conviction warranted an increase in his offense level under section 3B1.1(c). See United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990) (adjustment for being organizer or leader upheld where defendant coordinated the procurement and distribution of the drugs and had numerous sources of supply).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3