28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael SHARP, Defendant-Appellant.
 No. 93-30360.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 17, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Sharp appeals his 33-month sentence imposed following entry of a guilty plea to unlawful use of a communication device in violation of 21 U.S.C. Sec. 843(b). Sharp contends the district court erred by (1) finding that he was responsible under U.S.S.G. Sec. 1B1.3 for drug transactions totalling eight ounces of cocaine and (2) adjusting upward his offense level pursuant to U.S.S.G. Sec. 3B1.1 for being a manager or organizer. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 * Drug Quantity
 
 
 4
 Sharp contends the district court erred by holding him responsible for the distribution of eight ounces of cocaine rather than four. We agree that the district court erred when calculating the amount of cocaine attributable to Sharp, but conclude that the district court did properly attribute six ounces of cocaine to Sharp.
 
 
 5
 We review for clear error the district court's factual determinations regarding the quantity of drugs attributable to a defendant. United States v. Sanchez, 967 F.2d 1383, 1384 (9th Cir.1992).
 
 
 6
 Under the Guidelines, where a defendant has participated in jointly undertaken criminal activity, he is accountable for the conduct of others that was both in furtherance of the jointly undertaken criminal activity and reasonably foreseeable by the defendant. U.S.S.G. Sec. 1B1.3(a)(1)(B) & comment. (n. 2); United States v. Navarro, 979 F.2d 786, 789 n. 1 (9th Cir.1992). The district court must make an express finding that the defendant is accountable for each narcotics transaction that affects his sentence, see United States v. Conkins, 9 F.3d 1377, 1387 (9th Cir.1993), and must apply the preponderance of the evidence standard when making these determinations, see Navarro, 979 F.2d at 788.
 
 
 7
 In his plea agreement, Sharp admitted that he sold two ounces of cocaine on August 5 and one ounce of cocaine on August 11, 1993 to undercover police officers. The presentence report (PSR) contained allegations of a number of other cocaine distributions which it recommended were attributable to Sharp under the relevant conduct provisions of the Guidelines. At the sentencing hearing, Sharp conceded his participation in two of these alleged transactions: a distribution of one ounce of cocaine by himself to a cooperating witness on September 3, 1991, and a distribution of two ounces of cocaine by Ron Shackelford on Sharp's behalf on July 27, 1992.[1] These stipulations established Sharp's responsibility for six ounces of cocaine.
 
 
 8
 The evidence, however, is insufficient to establish Sharp's connection to the remaining two ounces attributed to him by the district court.[2] The district court found Sharp responsible for a two-ounce cocaine transaction between Rudy Zaborowski and a Federal Bureau of Investigation cooperating witness on October 9, 1991. There were two sources of information regarding this transaction.
 
 
 9
 The first source of information was the PSR. The PSR merely stated, however, that "[o]n October 9, 1991, Zaborowski delivered two ounces ... of cocaine to the residence of a cooperating witness[ ] of the FBI." The second source of information was the testimony of Agent David Heller, the case agent assigned to Sharp's case. Agent Heller testified that Zaborowski had four separate sources of cocaine, of which Sharp was only one. The only information Agent Heller possessed tied the cocaine from the October 1991 transaction to Sharp and not one of Zaborowski's other suppliers was by way of the cooperating witness who purchased the cocaine. Agent Heller testified that the cooperating witness could not specifically identify Sharp as the source of the cocaine. She only knew that Zaborowski was part of the same organization as Sharp.
 
 
 10
 During argument, the government admitted that there was no evidence that Sharp was aware Zaborowski had other sources for cocaine. The government also admitted that there was "just no way" they could prove the cocaine came from Sharp on any particular transaction.
 
 
 11
 The evidence in the record is insufficient to establish by a preponderance that Sharp was responsible for supplying the cocaine distributed on October 9, 1991. In the absence of this connection, the government cannot prove that the October 1991 transaction was in furtherance of any agreement between Sharp and Zaborowski to distribute cocaine. Accordingly, the district court clearly erred by finding Sharp responsible for the two ounces of cocaine distributed on that date. See Navarro, 979 F.2d at 789.
 
 II
 U.S.S.G. Sec. 3B1.1
 
 12
 Sharp argues that the government failed to prove that he managed another person during the course of his cocaine distribution business. We disagree.
 
 
 13
 We review for clear error the district court's determination that Sharp was "an organizer, leader, manager, or supervisor." See United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994). Circumstances justifying an increase from the base offense level must be proven by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 14
 Sharp allegedly managed two other individuals, Rudy Zaborowski and Ron Shackelford, during the course of his long-running cocaine sales business. Sharp argues that the evidence was insufficient to establish that he managed either of these individuals. Rather, he argues that they were simply friends to whom he occasionally sold cocaine and who then resold that cocaine without any input from Sharp as to cost or quantity.
 
 
 15
 This argument is untenable, at least with respect to Shackelford, given Sharp's admission at sentencing to the facts as stated in paragraph 16 of the PSR. Sharp is identified as having paid Shackelford $200 for Shackelford's assistance in delivering two ounces of cocaine supplied by Sharp and delivered by Shackelford to an undercover police officer on that date.
 
 
 16
 Sharp's admitted role as the individual who coordinated the procurement and distribution of the cocaine referenced in paragraph 16 of the PSR justifies the district court's finding that he was a manager or organizer of the offense. See United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990); see also United States v. Smith, 924 F.2d 889, 895-96 (9th Cir.1991) (defendant who supplies drugs to codefendants for distribution may qualify for the adjustment under section 3B1.1).
 
 
 17
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both parties present arguments in their briefs regarding the district court's determination that Sharp was responsible for the July 27 two-ounce cocaine distribution by Shackelford. Nonetheless, the record is clear that Sharp stipulated to the facts as stated in paragraph 16 of the PSR regarding this transaction
 At sentencing, Sharp's counsel stated to the court that "Mr. Sharp will not be ... objecting to ... his involvement in paragraph sixteen.... [P]aragraph sixteen involves two ounces."
 Furthermore, during his allocution, Sharp admitted to his responsibility for the July 27 transaction. Sharp stated, "Ron and I supposedly dealt two ounces and the other times I dealt to undercover agents. I'm not denying those facts. I did do it."
 Sharp's waiver of this issue at sentencing also waived his right to challenge the issue on appeal. See United States v. Parker, 991 F.2d 1493, 1501 (9th Cir.), cert. denied, 114 S.Ct. 121 (1993).
 
 
 [2]
 The district court found unpersuasive the remaining allegations of drug distribution by Sharp referenced in the PSR