46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar A. INIEGO, Defendant-Appellant.
 No. 94-10265.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar A. Iniego appeals his 135-month sentence imposed following a guilty plea to one count of conspiracy to distribute and possess with intent to distribute a controlled substance and one count of possession with intent to distribute a controlled substance and aiding and abetting. Iniego contends that the district court erred in finding that he was an organizer or leader of the criminal activity under U.S.S.G. Sec. 3B1.1(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error a district court's factual finding of the defendant's leadership role in the offense. United States v. Leung, 35 F.3d 1402, 1405 (9th Cir. 1994). A district court's interpretation of the Sentencing Guidelines is reviewed de novo. Id.
 
 
 4
 A four-level increase in offense level is warranted "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. Sec. 3B1.1(a). "In assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered." U.S.S.G. Sec. 3B1.1, comment. (n.3); see also Leung, 35 F.3d at 1405-07 (a conspiracy was extensive because the operation utilized the unknowing services of many outsiders, extended to different localities, and distributed a large quantity of heroin).
 
 
 5
 To determine whether a defendant is a leader or organizer, the following factors should be considered: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. Sec. 3B1.1, comment. (n.4); see also United States v. Barnes, 993 F.2d 680, 685 (9th Cir. 1993) (defendant a leader where he was the principal negotiator between government undercover agents and conspirators over the transaction price and delivery logistics and controlled the money for the transaction), cert. denied, 115 S. Ct. 96 (1994); United States v. Avila, 905 F.2d 295, 298-99 (9th Cir. 1990) (defendant a leader where he negotiated the transaction price, indicated that he had alternative drug sources, and dealt with large amounts of currency in exchange for large amounts of illegal substances). The district court is not required to make specific findings in regard to each factor. See Leung, 35 F.3d at 1406.
 
 
 6
 Iniego contends that his criminal scheme did not involve five or more participants, and nor was it extensive. His contention is meritless. Iniego's criminal operation involved at least four participants, utilized outsiders' services in furtherance of the criminal activity, extended from California to New Mexico to Missouri, and was responsible for distributing at least 900 kilograms of marijuana. The criminal activity was therefore extensive. See U.S.S.G. Sec. 3B1.1, comment. (n.3); see also Leung, 35 F.3d at 1405-07.
 
 
 7
 Iniego argues that the evidence presented did not reflect his leadership role. His argument fails. During the conspiracy investigation, Iniego was the person with whom the government undercover agents negotiated over the quantity and price of marijuana to be transacted. See Barnes, 993 F.2d at 685. Iniego claimed that he possessed large sums of money, was interested in purchasing large amounts of marijuana, and had different sources for marijuana. See Avila, 905 F.2d at 298-99. Additionally, a ledger found in a codefendant's possession suggested that Iniego was responsible for distributing approximately 650 kilograms of marijuana.[1] Thus, the district court did not clearly err in finding that Iniego was a leader or organizer of the conspiracy. See Leung, 35 F.3d at 1405.
 
 
 8
 Iniego further contends that the district court failed to consider the factors listed in U.S.S.G. Sec. 3B1.1, comment. (n.4). The district court adopted the presentence report which stated that the defendant "seemed to exercise management control of the extensive activity which encompassed more participants than his three codefendants. He exercised decision-making authority in regard to the codefendants and others involved, and appeared to claim a larger share of the fruits of the crime." The district court was not required to make further findings. See Leung, 35 F.3d at 1406.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 At sentencing, the district court calculated Iniego's offense level based on 400 kilograms of marijuana