59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jacob Acevedo PADILLA, Defendant-Appellant.
 No. 94-50249.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided June 19, 1995.
 
 1
 Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Padilla pled guilty to a December 1993 indictment charging him with possession of goods known to have been stolen as a part of an interstate shipment of property, in violation of 18 U.S.C. Sec. 659, and conspiracy to possess the same, in violation of 18 U.S.C. Sec. 371. Padilla appeals from his 41-month sentence. We have jurisdiction of this timely appeal pursuant to 18 U.S.C. Sec. 3742, and affirm.
 
 
 4
 The district court assessed Padilla three criminal history points, one for each of three California convictions for receiving stolen property for the following activities: selling stolen steering wheel locks to a tool shop owner in May and June 1992 [Compton 1]; moving clothes stolen from a Los Angeles clothier [Norwalk]; and possessing more than $30,000 in stolen electrical fixtures [Compton 2]. Padilla contends that the district court erroneously rejected his claim that these convictions should have been consolidated for his federal sentencing because they were related. "Whether two prior offenses are related under section 4A1.2 [of the Sentencing Guidelines] is a mixed question of law and fact that we review de novo." United States v. Taylor, 984 F.2d 298, 300 (9th Cir. 1993).
 
 
 5
 Padilla was arrested for the Compton 1 and Norwalk offenses on July 8, 1992. This arrest separated these offenses from the Compton 2 offense. Because the arrest intervened between the Compton 2 offense and the other two offenses, the Compton 2 offense is not related to either the Compton 1 or Norwalk offenses for the purposes of section 4A1.2 of the Sentencing Guidelines. See United States Sentencing Comm'n, Sentencing Guidelines Sec. 4A1.2 Comment n. 3, at 259 (Nov. 1993 ed.) [Sentencing Guidelines]. The district court correctly declined to consolidate it with either offense for Padilla's federal sentencing.
 
 
 6
 Padilla argues that the Compton 1 and Norwalk offenses should be consolidated for his federal sentencing because his sentences for these offenses ran concurrently. Standing alone, the fact that state courts imposed concurrent sentences on Padilla is not dispositive. United States v. Davis, 922 F.2d 1385, 1390 (9th Cir. 1991). State officers arrested Padilla at the scene of the Norwalk offense while tracking him to execute an arrest warrant for the Compton 1 offense. The offenses involved the receipt of separate items of property in different locales at different times. Padilla has not demonstrated that the concurrence of the sentences stems from any fact indicating that the two offenses are related. See id. at 1391.
 
 
 7
 Padilla urges us to follow United States v. Smith, 991 F.2d 1468 (9th Cir. 1993), instead of Davis. However, Smmith is inapposite. It does not establish any relation between the Compton 2 offense and the other offenses because there was no intervening arrest in the case. See id. at 1469-70, 1473. It does not establish a relation between the Norwalk and Compton 1 offenses because Smith was sentenced for the related crimes "in the same proceeding by the same judge under the same docket number." Id. at 1469; see id. at 1473. Padilla was sentenced for the Norwalk and Compton 1 crimes in different proceedings by different judges under two separate docket numbers. United States v. Chapnick, 963 F.2d 224 (9th Cir. 1992), is distinguishable for similar reasons. See id. at 225-26, 228. Therefore, the district court correctly ruled that the Compton 1, Norwalk, and Compton 2 offenses were not related under section 4A1.2 of the Sentencing Guidelines.
 
 
 8
 The district court also gave Padilla an adjustment under section 3B1.1(a) for being an organizer of criminal activity. Padilla stipulated that more than five individuals participated in the criminal activity to which he pled guilty. Having so stipulated, he deserved a four-point adjustment if he was an organizer or leader of this criminal activity. See Sentencing Guidelines Sec. 3B1.1(a), at 230.
 
 
 9
 The district court concluded that Padilla was a leader from the following facts. Padilla solicited the undercover agent for the purchase of the stolen goods. He negotiated on behalf of himself and the others with the undercover officer to sell the stolen goods, and was the individual who decided to accept the undercover agent's offer. He took possession of the cash payment for the goods. He directed a co-conspirator to drive the tractor-trailer carrying the goods to the undercover warehouse. Padilla told the undercover agent that his brother "w[ould] take over," i.e., assume Padilla's prominent role in the fencing ring, when Padilla went to jail for state convictions. The district court did not clearly err in finding from these facts that Padilla was a leader. See United States v. Avila, 905 F.2d 295, 297-98 (9th Cir. 1990).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3