**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alberto PADILLA–CASTRO,**
**Defendant–Appellant.**

**No. 06–30181.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 16, 2007.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Alberto Padilla–Castro, Lompoc, CA, pro se.

Before: RYMER and GRABER, Circuit Judges, and RHOADES,* District Judge.

MEMORANDUM **

Defendant Alberto Padilla–Castro pleaded guilty to conspiring to possess, with the intent to distribute, more than 100 kilograms of marijuana, and he agreed to forfeit all property acquired with proceeds of the conspiracy. He appeals his sentence of 180 months' imprisonment. We affirm.

1. Defendant first argues that the district court clearly erred by finding him responsible for 1,305 kilograms of marijuana because the evidence consisted solely of unreliable hearsay and was not clear and convincing.

A sentencing court may consider hearsay if the hearsay has minimal indicia of reliability. *United States v. Littlesun,* 444 F.3d 1196, 1199 (9th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 248, 166 L.Ed.2d 149 (2006). The district court did not abuse its discretion, *United States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001), in finding minimal indicia of reliability. The hearsay statements painted a consistent picture of a large marijuana distribution network run by Defendant, which was corroborated by the discovery on Defendant's property of a boat that had been used as payment for drug debt. The government agent identified the sources of his information and the specific quantities attributed to Defendant

by the sources, and Defendant had an opportunity to cross-examine the agent.

Drug quantities are subject to a preponderance of the evidence standard at sentencing. *United States v. Kilby,* 443 F.3d 1135, 1140 n. 1 (9th Cir.2006). Having found the hearsay statements reliable, the district court did not clearly err, *Berry,* 258 F.3d at 976, in finding Defendant responsible for the quantities attributed to him in the hearsay statements, *see United States v. Working,* 224 F.3d 1093, 1102 (9th Cir.2000) (en banc) (" '[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.' " (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985))).

2. Defendant next argues that the district court's attribution of different quantities of marijuana to him and his common law wife, Hilaria Margarita Fernandez, violated equal protection because the evidence against them was identical. The record belies Defendant's assertion that he and Fernandez were similarly situated. Defendant pleaded guilty to both conspiracy and forfeiture charges, while Fernandez pleaded guilty only to the conspiracy charge. In addition, four of the seven incidents described in the Presentence Investigation Report involved only Defendant.

3. Finally, Defendant argues that the district court clearly erred by holding him

---

\* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

responsible as an organizer of the conspiracy because insufficient evidence supported the enhancement. The evidence suggested Defendant supplied large quantities of marijuana to multiple buyers, that he had drivers and mules transport the marijuana for him, that he claimed a large share of the profits for himself, and that his distribution ring stretched from Mexico to Arizona, Montana, Illinois, and the East Coast. The district court did not clearly err. *See, e.g., United States v. Avila,* 905 F.2d 295, 298–99 (9th Cir.1990) (affirming an "organizer or leader" enhancement where a defendant coordinated the procurement and distribution of large quantities of drugs).

AFFIRMED.