992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angelo T. COMMITO, Defendant-Appellant.
 Nos. 92-10331 thru 92-10335.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 16, 1993.*
Decided May 3, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angelo Commito, a healthcare program broker, was involved in an extensive healthcare program kickback scheme. In December 1985, the FBI began a sting operation against Commito believing that he was involved in organizing kickbacks in exchange for the placement of health plans with various employer buyers. This investigation ended in 1988 and charges were brought against Commito in the Northern District of Georgia (CR-89-0051-MHP, and CR-89-0060-MHP), the District of Maryland (CR-89-0014-MHP), the Southern District of California (CR-88-0597-MHP) and the Northern District of California (CR-88-0597-MHP). On July 18, 1989 these cases were consolidated in the Northern District court of California.
 
 
 3
 On February 26, 1991, Commito was convicted in an unrelated case in the District of Maryland of conspiracy to defraud the United States and bribery of a public official. He was sentenced to ten months imprisonment but was released on bond pending appeal of his conviction. On November 4, 1991, Commito made arrangements to enter guilty pleas in the consolidated cases before the Northern district court. Commito pled guilty to one count of wire fraud in two cases (CR-89-0060-MHP and CR-88-0811-MHP) and two counts of wire fraud, one count of mail fraud, and one count of theft in another case (CR-88-0597-MHP). The remaining charges were dismissed. Commito's mail fraud count was the only guideline offense; Commito's other five convictions were pre-guideline offenses.
 
 
 4
 At sentencing, the district court placed Commito on five years probation for each pre-guideline count to be served concurrently. Turning its attention to the guideline count of mail fraud, the court found that the base offense level was six. Aggregating the losses that resulted from each pre-guideline offense and the one guideline offense, the court found that the total loss from Commito's crimes was $443,896.00. Pursuant to U.S.S.G. § 2F1.1(b), Commito's base offense level was increased by seven points. Pursuant to § 2F1.1(b)(2), the court increased the base level by another two levels because the kickback scheme involved more than minimal planning. Finally, the court increased Commito's offense level by another four points for his leadership role in the plot under § 3B1.1(a). Granting Commito a two point reduction for acceptance of responsibility, the court found that Commito's base offense level was 17 and imposed a 30 month sentence. The district court ordered the pre-guideline sentences to run concurrently to the guideline sentence, and that the outstanding sentence handed down by the Maryland court was to run consecutively to the sentences in the consolidated cases.
 
 
 5
 Commito appeals his sentence on two grounds. First, he contends that the district court erred in adjusting his sentence under § 3B1.1(a). Second, Commito argues that the district court erred by ordering the pre-guideline sentences to run consecutively to his guideline sentence.
 
 I. The Upward Adjustment
 
 6
 When adjusting a sentence upward, a district court must find by a preponderance of the evidence that the facts support an upward adjustment. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc). The district court's factual determinations are reviewed for clear error, but its legal interpretations of the Guidelines are reviewed de novo. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990).
 
 
 7
 Section 3B1.1(a) instructs the court to increase a defendant's offense level by four points if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive...." U.S.S.G. § 3B1.1(a). The introductory commentary to Chapter 3, Part B of the Sentencing Guidelines was amended, effective November 1, 1990, to read:
 
 
 8
 The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), i.e. all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction.
 
 
 9
 Pursuant to this amendment, the definition of the word "offense" is not restricted to the offense of conviction. Thus for purposes of § 3B1.1(a), a court may consider relevant conduct.
 
 
 10
 The district court held that it may consider the conduct underlying Commito's pre-guideline offenses when deciding whether he warranted an upward adjustment under § 3B1.1(a) notwithstanding that the guideline offense conduct took place prior to the effective date of the amendment to the introduction to § 3B.1. Because the guideline offense was committed prior to the effective date of the amendment, Commito argues that the application of the amendment violates the ex post facto clause.
 
 
 11
 Commito's argument is without merit. We already have determined that this amendment only clarified § 3B1.1(a). United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991). Amendments that "clarify rather than substantively change the guidelines do not present ex post facto issues when they are applied retrospectively" to conduct that occurred before the clarification. United States v. Scarano, 975 F.2d 580, 587 (9th Cir.1992). Therefore, the district court could properly consider Commito's pre-guideline offenses as relevant conduct when deciding whether he warranted an adjustment under § 3B1.1(a).
 
 
 12
 Next, Commito contends that the district court erred when it found that he was a leader or organizer of the kickback scheme. The district court did not speak to this issue at great length. Rather, the court incorporated the pre-sentence report into its statement of reasons and then concluded that the report supported a finding by a preponderance of the evidence that Commito was the "mastermind" behind the kickback scheme. The district court also stated that it would even reach this finding by focusing only on the guideline offense, and ignoring the relevant pre-guideline offense conduct.
 
 
 13
 In order to adjust Commito's sentence under § 3B1.1(a), the district court must make two distinct findings: 1) that, at a minimum, five participants, were involved in Commito's criminal activity; and 2) that Commito was a leader of the criminal scheme. A district court may meet its requirement of evaluating the evidence on the record by incorporating the pre-sentence report into the record. United States v. Avila, 905 F.2d 295, 298 (9th Cir.1990).
 
 
 14
 This circuit has interpreted Note 3 to require that "some degree of control or organizational authority over others" be found before a defendant may be considered a leader. United States v. Mares-Molino, 913 F.2d 770, 773 (9th Cir.1990) (emphasis supplied). It is not necessary, however, for the court to find that a defendant supervised each of the minimum five participants. "The section simply states that an adjustment occurs if a defendant was an 'organizer or leader of a criminal activity that involved five or more participants....' " United States v. Smith, 924 F.2d 889, 896 (9th Cir.1991) (emphasis in original).
 
 
 15
 The pre-sentence report does not support an upward adjustment under § 3B.1(a) based on the guideline offense alone. In its statement of reasons, the district court focused on Commito's leadership role in the kickback scheme. The pre-sentence report, however, does not support a finding that Commito had organizational authority over the mail fraud. Rather, the pre-sentence report indicates that it was Carl Mattison who initiated, organized, and directed others in the plan to place an Employees Assistance program with National Semi-Conductor, Inc. The district court may have considered other evidence that establishes that Commito was the organizer of the mail fraud plan, but that evidence was not discussed. Thus we must rely, as did the district court, on the statement of facts contained in the pre-sentence report.
 
 
 16
 In addition, the court did not consider whether five participants were involved in the mail fraud scheme. The pre-sentence report reveals that only two criminally responsible individuals were involved in this offense: Commito and Carl Mattison. Therefore, the district court erred when it found that Commito was subject to a § 3B.1(a) adjustment based on the mail fraud offense alone.
 
 
 17
 Once the pre-guideline offenses are taken into account, however, we cannot say that an upward adjustment under § 3B1.1(a) was clearly erroneous. Although the district court made no finding as to the number of participants involved, the pre-sentence report reveals that far more than five individuals joined with Commito in the criminal activity. In addition, the pre-sentence report overwhelming supports the district court's finding that Commito organized the kickback scheme: Commito put the FBI agents in touch with other individuals willing to engage in a kickback scheme, organized the method of payment, and arranged for the concealment of those payments from the various companies being defrauded. Therefore, we affirm Commito's guideline sentence.
 
 II. The Consecutive Sentence
 
 18
 Commito contends that the district court punished him twice for his pre-guideline offenses because the court considered the losses that resulted from the pre-guideline conduct when it adjusted Commito's sentence upward pursuant to § 2F1.1, and then ordered that the pre-guideline sentence run concurrent to the adjusted guideline sentence. Commito is correct that his pre-guideline sentence runs consecutive to his guideline sentence and that this violates the Double Jeopardy Clause. Commito, however, misunderstands the source of the problem. The problem is not with the district court's judgment, but with the commitment order.
 
 
 19
 The district court did not order that Commito's pre-guideline sentence run consecutive to his guideline sentence. Rather the judgment explicitly states that the pre-guideline sentences are to run concurrently with the guideline sentence in order to avoid imposing double punishment for the conduct underlying the pre-guideline offenses. See Scarano, 975 F.2d at 580; United States v. Niven, 952 F.2d 289, 293 (9th Cir.1991). The judgment goes on to say that the unserved sentence outstanding from the district of Maryland case was to run consecutive to all the consolidated sentences.
 
 
 20
 The clerk who entered the judgment appears to have misread the court's judgment. Instead of ordering that the sentence handed down by the Maryland court run consecutive to the consolidated counts, the clerk entered an order that the pre-guideline count III sentence of five years probation in CR-88-0597 was to run consecutive to the guideline count XIX in the same case. The commitment order does not mention the outstanding sentence imposed by the Maryland court.[1] We assume this was the result of an error on the part of the clerk entering the sentencing order.
 
 
 21
 In short, the district court agreed with Commito that if it took the losses in the pre-guideline counts into consideration in increasing his base offense level in the guideline count pursuant to § 2F1.1, it must then order the pre-guideline sentences to run concurrently to the guideline sentence in order to avoid double punishment for the conduct underlying the pre-guideline counts.
 
 
 22
 Therefore, we affirm Commito's sentence, but we remand this case and instruct the district court to amend its commitment order to conform to its order of judgment pursuant to Fed.R.Crim.Proc. 36.
 
 
 23
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The clerk correctly entered Judge Patel's order that the other four pre-guideline sentences were to run concurrent to count III