**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. RICHARD ANTHONY ORTIZ, *Defendant-Appellant*. | No. 13-30361 D.C. No. 2:12-cr-00062-RSL-28 OPINION |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted
December 11, 2014—Seattle, Washington

Filed January 23, 2015

Before: M. Margaret McKeown, Richard C. Tallman, and
John B. Owens, Circuit Judges.

Opinion by Judge Tallman

# SUMMARY[*]

## Criminal Law

Affirming a conviction, the panel held that the district court did not abuse its discretion in admitting the opinion testimony of the defendant's probation officer, identifying the defendant's voice speaking primarily Spanish on wiretapped calls, notwithstanding that the probation officer was not fluent in Spanish and had only heard the defendant speak English.

The panel held that the probation officer's familiarity with the defendant's voice was substantially more than the minimal familiarity required by Fed. R. Evid. 901(b)(5) for admission of lay voice identification testimony. The panel explained that the defendant's challenges ultimately go to the weight rather than the admissibility of the testimony.

## COUNSEL

Peter A. Camiel (argued), Mair & Camiel P.S., Seattle, Washington, for Defendant-Appellant.

Michael S. Morgan (argued), Assistant United States Attorney, Office of the United States Attorney; Jenny A. Durkan, United States Attorney, Seattle, Washington, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

TALLMAN, Circuit Judge:

Richard Anthony Ortiz appeals his conviction for conspiracy to distribute large quantities of methamphetamine and heroin, and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Ortiz contends the district court erred in admitting the opinion testimony of his United States probation officer, Angela McGlynn, identifying Ortiz's voice speaking primarily Spanish on wiretapped calls because McGlynn does not speak Spanish and had only heard Ortiz speak English.[1] Since we hold the district court did not abuse its discretion in ruling on the authentication of his voice on the recordings, we affirm Ortiz's conviction.

## I

## A

Richard Anthony Ortiz was indicted on April 24, 2012, along with 33 other co-defendants as part of an inter-agency investigation into the Berrelleza Drug Trafficking Organization ("DTO"), which moved large quantities of drugs from Mexico to the United States and smuggled cash proceeds and firearms back to Mexico. According to drug ledgers seized, Ortiz was a leading drug re-distributor for the DTO. He was released from a halfway house in the summer of 2011 on another federal charge and began dealing

---

[1] Ortiz's challenge to the admissibility of prison calls and Title III wiretap calls are disposed of in a Memorandum Disposition filed contemporaneously with this opinion.

narcotics for the DTO while on supervised release in the Western District of Washington.

## B

Ortiz's trial was joined with that of co-defendant Raul Anchondo.  On day three of the trial, outside the presence of the jury, the district court considered arguments from the prosecutor and Ortiz regarding whether Ortiz's federal probation officer, Angela McGlynn, could offer opinion testimony identifying Ortiz's voice on intercepted calls.  In these calls, Ortiz spoke to co-conspirator Victor Berrelleza-Verduzco primarily in Spanish with some English words, such as "all right," "'cuz you know," and "because."  As part of the court's authentication inquiry to determine the sufficiency of the foundation, the prosecutor examined McGlynn outside the presence of the jury to establish the basis on which she could offer an admissible lay opinion that she recognized the voice as that of Ortiz, whom she actively supervised from October 2011 until his March 2012 arrest. McGlynn testified that she had previously spoken to Ortiz over the telephone six to ten times and in person ten to fifteen times for a period of six months, that Ortiz had a distinctive voice and a tendency to say "all right" often during his conversations, that she spoke only "[a] little" Spanish, and that she had only spoken to Ortiz in English.[2]

Over defense objection, the district court ultimately allowed McGlynn's testimony before the jury, concluding

---

[2] At one point, when McGlynn was asked "Do you speak Spanish at all?" she replied "At all? A little."  At another point, when asked "Do you speak any [Spanish]?" she replied "I do."  But when asked if she was "able to really understand the Spanish in the calls?" she responded "No."

that Ortiz's "concerns [went] to the weight and not the admissibility of the evidence."

The jury convicted Ortiz of Conspiracy to Distribute Methamphetamine and Heroin (Count 1), and Possession of Heroin with Intent to Distribute (Count 26). On December 13, 2013, the district court sentenced Ortiz to 15 years in prison to be followed by five years of supervised release. This appeal followed.

## II

Where objection to an evidentiary ruling has been properly preserved, we review a district court's admission of lay opinion testimony for abuse of discretion. *See United States v. Beck*, 418 F.3d 1008, 1013–15 & n.3 (9th Cir. 2005). Given that the district court applied the correct legal standard, we uphold these rulings unless they are "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

Ortiz challenges the admission of McGlynn's lay opinion testimony because she did not speak Spanish and had only heard Ortiz speak English.[3] We reject Ortiz's contention that

---

[3] For the first time on appeal, Ortiz also argues the identification procedure was impermissibly suggestive under *Neil v. Biggers*, 409 U.S. 188, 199 (1972), violating Ortiz's right to due process because the prosecutor specifically asked McGlynn whether she could identify Ortiz's voice prior to listening to the calls. The defense contends this was unduly suggestive since the prosecutor inferred that Ortiz's voice was known to have been captured on the calls before McGlynn had been asked to listen to them. However, we do not reach this argument as Ortiz waived it by failing to raise it before the district court and failing to show good cause

admitting McGlynn's testimony constitutes reversible error as a matter of law.

Under Federal Rule of Evidence 901(a), "[w]here the government offers a tape recording of the defendant's voice, it must also make a prima facie case that the voice on the tape is in fact the defendant's . . . ." *United States v. Gadson*, 763 F.3d 1189, 1204 (9th Cir. 2014) (citation omitted). "Lay opinion . . . is permissible so long as the witness testifying has [the] requisite familiarity with the speaker." *United States v. Thomas*, 586 F.2d 123, 133 (9th Cir. 1978). The opinion must be "based on hearing the voice at any time under circumstances that connect it with the alleged speaker." Fed. R. Evid. 901(b)(5). "Rule 901(b)(5) establishes a low threshold for voice identifications"—an identifying witness need only be "minimally familiar with the voice he identifies." *United States v. Plunk*, 153 F.3d 1011, 1023 (9th Cir. 1998) (internal quotation marks omitted), *overruled on other grounds recognized by United States v. Hankey*, 203 F.3d 1160, 1169 n.7 (9th Cir. 2000). Once the offering party meets this burden, "the probative value of the evidence is a matter for the jury." *United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996). The district court does not abuse its discretion when it admits evidence that meets the minimum requirements for authentication under the Federal Rules of Evidence and allows the defense to argue that the jury should give the evidence minimal weight. *Id.* at 1416.

---

for its omission during trial in his Opening Brief. Fed. R. Crim. P. 12(b)(3)(C), (c)(3); *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000); *United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995) (issues not raised and argued in the opening brief are deemed waived), *cert. denied*, 516 U.S. 814 (1995).

We have never before determined whether a person who has not heard the speaker in a specific language and speaks only "[a] little" of the language herself, but also recognizes the voice from a handful of English words in the taped conversations plus multiple other English conversations, has the "requisite familiarity" to authenticate a voice under Rule 901(b)(5). Despite the lack of precedent, the district court conducted a thorough analysis of the issue. Outside the presence of the jury, the district court asked Ortiz and the government to provide it with any cases related to the admission of McGlynn's opinion testimony so that it might consider the precedent during the recess. The government referred the district court to a Tenth Circuit case in support of the proposition that a witness need not understand the language spoken to identify a voice. *United States v. Zepeda-Lopez*, 478 F.3d 1213 (10th Cir. 2007). Without the jury present, the trial judge heard Officer McGlynn testify as to the basis for recognizing Ortiz's voice. The district court held that McGlynn could testify given the low threshold for lay opinion authentication testimony and concluded that Ortiz's objection went to the weight of the evidence, not its admissibility.

In *Zepeda-Lopez*, the agent identifying the defendant's voice did not speak Spanish but had listened to six recordings including one in which the defendant had self-identified by his nickname. The defendant also admitted his voice was on three of the taped calls. *Id.* at 1216, 1219. Additionally, the agent listened to the defendant's testimony in court before offering an opinion to the jury. *Id.* Unlike in this case, the district court in *Zepeda-Lopez* conducted the admissibility determination in the presence of the jury and reasoned that the self-identification on the Spanish call created a baseline to which the agent could compare subsequent recordings. *Id.*

at 1219. The jury in *Zepeda-Lopez* listened to the Spanish calls and, in light of defendant's objection to the agent's opinion testimony, the district court provided a limiting instruction:

> Special agent Barrett will tell you whom he believes the various speakers are. But you're going to be listening to the tapes and see if one voice is the same on the other [sic]. It's entirely up to you to decide whether you agree with him or not, okay? That's your decision.

*Id.* at 1216.

In Ortiz's case, he did not self-identify in any of the Spanish calls and the jury did not listen to the Spanish recordings. Without objection from Ortiz, the English transcripts prepared by the government were read aloud to the jury.

McGlynn testified that although she spoke some Spanish, she was not fluent in Spanish. She further testified that she had spoken to Ortiz—in English—in person and over the phone during the six months she had supervised him as his probation officer. McGlynn had met with Ortiz in person roughly ten to fifteen times over the course of six months—with some conversations lasting an hour—in addition to many more conversations over the phone. She characterized Ortiz's voice as "pretty distinctive" and "kind of scratchy," and she testified that he "has some inflections" in his voice. It is also relevant as to weight that some of the

recorded phone conversations included words spoken in English. McGlynn noted that Ortiz "uses the word[s] 'all right' frequently." In one of the recorded phone calls, that phrase was used in English three times, and it also appears in several other calls. The calls contained other English words and phrases like "microwave," "yeah," and "'cuz you know." In addition to the recorded Spanish calls, McGlynn listened to recorded calls in English that Ortiz made from prison in which he self-identified by name, much like the self-identifying exemplar that the court in *Zepeda-Lopez* relied on. 478 F.3d at 1219. McGlynn testified that she was "pretty certain" it was Ortiz's voice on the recorded phone calls in Spanish.

Here, McGlynn's familiarity with Ortiz's voice was substantially more than the minimal familiarity Rule 901(b)(5) requires for admission of lay voice identification testimony. *See, e.g.*, *Plunk*, 153 F.3d at 1023.

Ultimately Ortiz's challenges go to the weight rather than the admissibility of McGlynn's testimony. Indeed, the district court provided the jury an appropriate limiting instruction and emphasized the prosecution's burden of proving its case beyond a reasonable doubt:

> It is ultimately up to you to determine whether that is Richard Anthony Ortiz on [the Spanish calls]. You shouldn't assume that by the fact that it is [on the written transcript]. That is obviously how the transcript has been prepared by the government, and I have put it

in front of you, but you will decide whether the government has proven it is indeed that person beyond a reasonable doubt.

The district court did not err in how it handled this evidentiary issue at trial.

**AFFIRMED.**