**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50248 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00808-JAK-1 |
| v. | |
| SALVADOR ARTEAGA ARAGON, AKA Chaka, AKA Ricky, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted March 3, 2020[**]
Pasadena, California

Before:  HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[***] District Judge.

Salvador Arteaga Aragon was convicted of conspiring to distribute

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

methamphetamine, in violation of 21 U.S.C. § 846, and distributing methamphetamine, in violation of 21 U.S.C. § 841. We have jurisdiction over his appeal under 28 U.S.C. § 1291 and affirm.

1. The district court did not abuse its discretion in admitting the arresting officer's identification of Aragon's voice on recorded telephone calls. *See United States v. Ortiz*, 776 F.3d 1042, 1044–45 (9th Cir. 2015) (stating standard of review). The officer heard Aragon speak after his arrest. Familiarity with a voice based on post-arrest statements can satisfy the "low threshold for voice identifications" in Federal Rule of Evidence 901(b)(5). *Id.* at 1044 (internal quotation marks omitted).

2. The district court did not err in finding that the government presented evidence sufficient to prove that Aragon participated in calls with a confidential informant. In addition to the arresting officer's voice identification, the jury also heard evidence that the participant in the calls gave his "last names" as "Arteaga Aragon," that Aragon identified himself to the arresting officer with those last names, and that Aragon admitted that he knew the confidential informant. A "rational trier of fact" could conclude that it was Aragon on the calls. *United States v. Kimbrew*, 944 F.3d 810, 813 (9th Cir. 2019) (internal quotation marks omitted).

3. The evidence was also sufficient to prove that Aragon conspired with and aided and abetted others to distribute narcotics. *See id.* (stating standard of review). Aragon's co-conspirator promptly carried out Aragon's instructions when

2

consummating a drug sale with the confidential informant. This was "strong circumstantial evidence of an agreement." *United States v. Hernandez*, 876 F.2d 774, 778 (9th Cir. 1989). This evidence was also sufficient to show that Aragon offered "knowing aid to persons committing federal crimes, with the intent to facilitate the crime." *Rosemond v. United States*, 572 U.S. 65, 71 (2014) (internal quotation marks omitted).

**AFFIRMED.**