NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50195 |
| Plaintiff-Appellee, | D.C. No. 3:07-cr-01408-WQH-15 |
| v. | |
| SALVADOR OJEDA-AMARILLAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 1, 2020**
Pasadena, California

Before: WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Following a jury trial, Salvador Ojeda-Amarillas was convicted of conspiracy to import methamphetamine, in violation of 21 U.S.C. §§ 952, 960, 963, and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. He was sentenced to 240 months of imprisonment, to be

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

followed by five years of supervised release. Ojeda now appeals the district court's pretrial order denying his motion to suppress and challenges his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      An application for a wiretap order must explain "whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous," 18 U.S.C. § 2518(1)(c), and the order may be issued only if a judge determines that such procedures have been unsuccessful, are unlikely to succeed, or are too dangerous to attempt, *id.* § 2518(3)(c). We review de novo whether the application meets the requirements of section 2518(1)(c), and we review for abuse of discretion the issuing court's finding that the wiretap was necessary under section 2518(3)(c). *United States v. Rodriguez*, 851 F.3d 931, 937 (9th Cir. 2017).

Ojeda argues that the July 2006 wiretap application did not establish that normal investigative procedures were tried and failed, were unlikely to succeed, or were too dangerous as to him, specifically. That argument is misplaced because "the necessity requirement is directed to the objective of the investigation as a whole, and not to any particular person." *United States v. Reed*, 575 F.3d 900, 911 (9th Cir. 2009). Moreover, Ojeda's identity was not even ascertained until August 2006. *See id.* ("[T]he government may seek a wiretap authorization in order to

discover the identities of suspected co-conspirators.") (quoting *United States v. Homick*, 964 F.2d 899, 904 (9th Cir. 1992)).

Ojeda also argues that traditional investigative techniques were working, and that the investigators were simply too impatient to wait for the resulting information. But the application explained that even after conducting an analysis of phone records and subscriber information, and performing database searches to identify crossovers with other investigations, investigators had obtained "no information about communication content" and were not even able to "state with certainty who participated in a conversation." In addition, the potential success of one technique does not "extinguish[] the need for [a] wiretap," *United States v. Decoud*, 456 F.3d 996, 1007 (9th Cir. 2006), particularly when the government seeks to identify members of a conspiracy, *United States v. McGuire*, 307 F.3d 1192, 1199 (9th Cir. 2002). Thus, the issuing court did not abuse its discretion in determining that the necessity requirements for the July 2006 application were satisfied.

Ojeda also challenges eight subsequent wiretap applications, but he failed to present those applications to the district court in connection with his suppression motion. His challenge is therefore waived, and we decline to address it. *See United States v. Ortiz*, 776 F.3d 1042, 1044 n.3 (9th Cir. 2015); *see also United States v.*

3

*Elias*, 921 F.2d 870, 874 (9th Cir. 1990) (explaining that documents "not presented to the district court are not part of the record on appeal").

2. We review the district court's application of the Sentencing Guidelines for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Ojeda argues that the district court abused its discretion in applying the two-level firearm enhancement, U.S.S.G. § 2D1.1(b)(1), because, he says, there was "no nexus between the firearms, the offense conduct, and Mr. Ojeda's home." The factual record refutes that argument. Agents found three firearms in Ojeda's home at the time of his arrest, one of which was within reach of Ojeda's bed. They also found ammunition and a digital scale with methamphetamine residue on it.

Nor did the district court abuse its discretion in applying the four-level enhancement for Ojeda's role as an "organizer or leader" of the criminal activity. U.S.S.G. § 3B1.1(a). His role as a broker was analogous to the defendant's role in *United States v. Avila*, 905 F.2d 295 (9th Cir. 1990), in which we affirmed the application of the enhancement. *Id.* at 298–99.

3. We review the substantive reasonableness of Ojeda's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court considered the required factors, including Ojeda's age, and reasonably determined that Ojeda's within-Guidelines sentence was "sufficient, but not greater

4

than necessary," to accomplish the statutory sentencing goals. *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (quoting 18 U.S.C. § 3553(a)). Ojeda objects to the district court's consideration of a potential sentencing disparity between Ojeda and a particular codefendant, but the avoidance of such disparities is one of the statutory factors. *See* 18 U.S.C. § 3553(a)(6).

**AFFIRMED**.